UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL RAY,

                      Plaintiff,                        19 **CIVIL** 6546 (LTS)

      -v-                                                **JUDGMENT**

UNITED STATES POSTAL SERVICE,

                      Defendant.
------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Stipulation and Order dated May 31, 2022, Plaintiff's claims against USPS are hereby dismissed with prejudice, and without costs, expenses, or fees to any party, except as specified below. As soon as practicable after entry by the Court of the Stipulation and Order, and in consideration of the promises made herein by Plaintiff, USPS agrees to pay Plaintiff the sum of $18,000 (the "Settlement Amount") for alleged damages arising from his FLSA claims. USPS makes no representation as to any tax consequences for Plaintiff as a result of the Settlement Amount. The payment of the Settlement Amount will be made by two checks drawn upon the United States Postal Service: a. one check made payable to Plaintiff, Michael Ray, in the total amount of $10,000, consisting of $5,000 for Plaintiffs alleged lost wages, and liquidated damages in an equal amount of $5,000, as provided under 29 U.S.C. § 260, for which USPS will issue a Form W-2; b. one check, made payable to Law Office of Rudy A. Dermesropian, LLC, for $8,000 in attorney's fees, for which USPS will issue Forms 1099 to Plaintiff, Michael Ray, and Law Office of Rudy A. Dermesropian, LLC. Plaintiff stipulated and agreed to accept the Settlement Amount in full settlement of any and all claims that Plaintiff, his heirs, executors, successors in interest, administrators or assigns now have or may hereafter acquire against the United States Postal Service, the United States, or any department, agency, agent, officer, or employee of the United States (collectively, the "Government"), on account of the alleged facts, events, and circumstances giving rise to this Action. Plaintiff hereby releases and forever discharges the Government from any and all claims and liability arising directly or indirectly from the facts, events, or circumstances giving rise to or referred to in the Action,

and agreed and stipulated not to file a lawsuit or commence any other legal or administrative proceeding against the Government concerning any matter released in this Stipulation and Order. This agreement shall not constitute an admission of liability or fault on the part of the Government or Plaintiff. Settlement of this action is without costs or interest and is inclusive of any claim for attorney's fees, costs, or other litigation expenses. Plaintiff represents and warrants that he shall assume all responsibility for any liability or claim of liability for any amounts assessed by or due to any federal, state or local government or agency thereof, including, but not limited to, workers' compensation liens, medical liens, and federal, state or local taxes owed in connection with his receipt of the Settlement Amount. The Court shall retain jurisdiction to resolve any dispute that should arise with respect to provision of the Settlement Amount. Having considered the parties' submissions in light of the factors set forth in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Court finds that the parties' proposed stipulation and order of settlement and dismissal, including the attorneys' fees and expense award component, is fair and reasonable and satisfies the requirements of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015); accordingly, the case is closed.

**Dated:**  New York, New York
June 1, 2022

**RUBY J. KRAJICK**
**Clerk of Court**
**BY:** *K. Mango*
**Deputy Clerk**